IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANNE GRAHAM,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA,** | : | |
| | : | |
| Defendant | : | **NO. 06-02559** |

GENE E.K. PRATTER, J.                                                                     JANUARY 25, 2007

## MEMORANDUM AND ORDER

The parties - - or at least counsel - - in this wrongful termination and employment discrimination suit persist in various discovery disputes.

This litigation commenced in June, 2006. In September of last year, following an initial pre-trial conference during which the parties informed the Court that they had completed their obligatory self-executing discovery, the Court issued a Scheduling Order which provided the parties with an additional five full months for fact issues discovery, to be followed by a six-week period for addressing expert witness issues. While the Court's discovery deadlines are set in order to sensibly provide for subsequent, potentially dispositive milestones within the life of the case, the parties and counsel remain free to work co-operatively to exchange written discovery and take necessary depositions even beyond the discovery deadlines, if they mutually agree to do so - - so long as the Court's remaining deadlines are not adversely impacted.

The Scheduling Order sets May 9, 2007 as the deadline for dispositive motions, if any. The case is to be trial-ready by July 17, 2007 when it will be placed in the trial pool. Again, so

long as the parties agree to do so and so long as post-deadline discovery is not used to frustrate the Court's dispositive motions deadline or trial readiness dates, the parties can continue discovery activities right up to the time of trial. Indeed, in some cases, and when necessity dictates, occasionally depositions or document production occur contemporaneously with trial, however undesirable that may be.

While this case is, as are all cases, important to the litigants and to the Court, it is not unduly complicated or unusually cumbersome, except as pre-trial discovery skirmishes may have made it so. Unfortunately, and without assigning responsibility,[1] counsel have been unable to resolve even rather conventional discovery issues, including both substantive and procedural matters, without the Court's intervention. Instead, even relatively straightforward matters have served as occasion for dispute and delay.

At counsel's behest, for example, and without the benefit of an appropriate motion or the necessary Rule 26 certification,[2] the Court conducted a telephone conference with counsel on January 18, 2007 during which counsel aired various then-pending discovery disagreements, to wit, disputes concerning Plaintiff's Second Request for Production of Documents and Interrogatories. The upshot of the disputes concerned the five-year time period covered by Interrogatory No. 2, Interrogatory No. 3's demand for School District budget information, Interrogatory No. 4's demand for information from 1998 to the present for School District personnel associated with the OSE service learning grants ostensibly involved in this case, and,

---

[1] To the Court's eye, it seems that here - - as is often the case - - responsibility most properly should be shared.

[2] The Court calls counsel's attention to the Court's General Pretrial and Trial Policies and Procedures at II.D.2, p. 9.

finally, whether School District CEO Paul Vallas may be deposed and, if so, when.  The Court's resolution of these issues, communicated to counsel during the teleconference, are memorialized in the accompanying Order.  At the conclusion of the teleconference, the Court alerted counsel that, given the demonstrated lack of cooperation and progress made to date with discovery,[3] the Court was disinclined to entertain a request for deadline extensions.

Nonetheless, four days after the above-referenced phone conference, counsel for Plaintiff faxed to the Court a two-page letter, with five footnotes and two enclosures reflecting counsels' dueling discovery salvos, requested the Court to extend the February 28 discovery deadline by 30 days, ascribing the justification for such an extension to "Defendant's overall failure to make good faith efforts in responding to discovery . . .".  This letter stated that defense counsel opposed the extension, prompting defense counsel to send the Court a letter disputing, with history, his "opposition" to the extension request as being only that he would not be seeking an extension.[4]

The Court once again admonishes counsel and the parties that the type of discovery phase efforts at obfuscation, one-ups-manship, and disagreeableness that has been displayed thus far in this case rarely, if ever, carries the day.  It is, however, both time-consuming and expensive for the litigants and counsel.  Moreover, it is otherwise by no means clear why an extension of time is needed here.  However, while some of the discovery disagreeableness here has been prompted

---

[3] The Court previously resolved similar issues when the Court resolved Plaintiff's Motion to Compel Discovery (Docket No. 7) by Order dated December 24, 2006 following a telephone conference with counsel.

[4] The Court again refers both counsel to the Pretrial and Trial Policies and Procedures, at I.B., p. 2, where the Court discourages all such letters.

by overly aggressive discovery demands on behalf of Plaintiff, it is equally clear to the Court that the defense has certainly not met its discovery obligations with practical dispatch.  The Court reluctantly will add an additional two weeks to the formal discovery completion date.  If the parties find they need additional time to accomplish their respective discovery goals, they will need to learn to work more collegially.  No other dates set in the Scheduling Order will be modified.

An Order incorporating the foregoing accompanies this Memorandum.

BY THE COURT:


S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANNE GRAHAM,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA,** | : | |
| | : | |
| Defendant | : | NO. 06-02559 |

**O R D E R**

      And now, this 25th day of January, 2007, following a January 18, 2007 telephone conference call with counsel and in consideration of the January 22 and 23, 2007 correspondence from counsel, it is hereby ORDERED that:

      1.      With respect to Plaintiff's Interrogatory No. 2, and other already issued or noticed discovery related thereto, if Defendant School District has any full or partial organization chart or roster referencing any portion of the time period 1998-2003 and direct or indirect OSE service learning grants personnel, Defendant School District shall promptly, and in any event no later than January 31, 2007, produce such chart(s) and/or roster(s).  If no such chart or roster exists, other than to so state, the School District need not respond further to this Interrogatory.  Plaintiff may depose Mr. Holdsman regarding, <u>inter alia</u>, his job title, staff, salary and related matters as Director of OSE service learning grants;

      2.      With respect to Plaintiff's Interrogatory No. 3, if on any of the School District's periodic (quarterly and/or annual) budgets between the years 1998-2003 the OSE service learning

grant program appeared in or as any distinct line item, a copy of each such budget shall be promptly, and in any event no later than January 31, 2007, produced in response to this Interrogatory.  If the School District budget(s) does or do not include any such reference, other than to so state, the School District need not respond further to this Interrogatory;

      3.      With respect to Interrogatory No. 4, covering the years 1998 to the present and inquiring as to identification and demographic statistical information about employees involved in management and/or administration of service learning grants, while the School District states that such information is not available, the School District shall review its service learning grants and personnel records and files to disclose promptly, and in any event no later than January 31, 2007, all such of the requested information that is located as a result of such renewed search efforts;

      4.      The deposition of School District CEO Paul Vallas, agreed to take place on February 2, 2007, shall be limited to 2 hours 30 minutes, provided that no untoward delays or disruptions occur during the deposition.  Counsel shall promptly contact the Court by telephone to resolve any disputes that arise during the deposition;

      5.      The Scheduling Order dated September 29, 2006 is revised at paragraph 1 to set a discovery completion date of March 14, 2007.  In all other regards, the Scheduling Order remains as originally entered;

      6.      For the duration of this litigation, in the absence of the Court's permission to the contrary, whenever counsel seeks the Court's resolution or approval of any issue, whether agreed upon by counsel or in dispute between them, the communication to the Court shall be by way of formal motion and in compliance with the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Eastern District of Pennsylvania and with the Court's General Pretrial

and Trial Policies and Procedures.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*